# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TRAVIS WAYNE RABER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. CIV-19-907-SM |
| ANDREW M. SAUL, ) | |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY ADMINISTRATION, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Travis Wayne Raber (Plaintiff) brings this action for judicial review of the Commissioner of Social Security's final decision that he was not "disabled" under the Social Security Act. *See* 42 U.S.C. §§ 405(g), 423(d)(1)(A). The parties have consented to the undersigned for proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C). *See* Docs. 9, 12.

Plaintiff argues the Administrative Law Judge's faulty consideration of the mental consultative exam tainted his decision. Doc. 16, at 3-12. After a careful review of the record (AR), the parties' briefs, and the relevant authority, the Court affirms the Commissioner's decision. *See* 42 U.S.C. § 405(g).[1]

---

[1] Citations to the parties' pleadings and attached exhibits will refer to this Court's CM/ECF pagination. Citations to the AR will refer to its original pagination.

**I.     Administrative determination.**

   **A.     Disability standard.**

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). "This twelve-month duration requirement applies to the claimant's inability to engage in any substantial gainful activity, and not just [the claimant's] underlying impairment." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citing *Barnhart v. Walton*, 535 U.S. 212, 218-19 (2002)).

   **B.     Burden of proof.**

Plaintiff "bears the burden of establishing a disability" and of "ma[king] a prima facie showing that he can no longer engage in his prior work activity." *Turner v. Heckler*, 754 F.2d 326, 328 (10th Cir. 1985). If Plaintiff makes that prima facie showing, the burden of proof then shifts to the Commissioner to show Plaintiff retains the capacity to perform a different type of work and that such a specific type of job exists in the national economy.

### C. Relevant findings.

### 1. ALJ's findings.

The ALJ assigned to Plaintiff's case applied the standard regulatory analysis to decide whether Plaintiff was disabled during the relevant timeframe. AR 14-33; *see* 20 C.F.R. § 404.1520(a)(4); *see also Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (describing the five-step process). The ALJ found Plaintiff:

(1) had not engaged in substantial gainful activity since January 30, 2016, the alleged onset date;

(2) had the severe medically determinable impairments of obesity, seizure disorder, migraine headaches, neurocognitive disorder, status post-traumatic brain injury, and depressive disorder;

(3) had no impairment or combination of impairments that met or medically equaled the severity of a listed impairment;

(4) had the residual functional capacity[2] (RFC) to perform sedentary work with additional restrictions: must avoid exposure to unprotected heights, moving machinery, commercial driving, open flames, or open water; and to have no contact with public;

(5) had no ability to perform any past relevant work, but could perform jobs existing in significant numbers in the national economy such as sorter, table worker, and bench hand; and thus

---

[2] Residual functional capacity "is the most [a claimant] can still do despite [a claimant's] limitations." 20 C.F.R. § 404.1545(a)(1).

    (6)    had not been under a disability from January 30, 2016 through June 13, 2019.

*See* AR 14-33.

### 2.    Appeals Council's findings.

The Social Security Administration's Appeals Council denied Plaintiff's request for review, *see id.* at 1-3, making the ALJ's decision "the Commissioner's final decision for [judicial] review." *Krauser v. Astrue*, 638 F.3d 1324, 1327 (10th Cir. 2011).

## II.    Judicial review of the Commissioner's final decision.

### A.    Review standard.

The Court reviews the Commissioner's final decision to determine "whether substantial evidence supports the factual findings and whether the ALJ applied the correct legal standards." *Allman v. Colvin*, 813 F.3d 1326, 1330 (10th Cir. 2016). Substantial evidence is "more than a scintilla, but less than a preponderance." *Lax*, 489 F.3d at 1084; *see also Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) ("It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.") (internal quotation marks and citation omitted). A decision is not based on substantial evidence "if it is overwhelmed by other evidence in the record." *Wall*, 561 F.3d at 1052 (citation omitted). The Court will "neither

reweigh the evidence nor substitute [its] judgment for that of the agency." *Newbold v. Colvin*, 718 F.3d 1257, 1262 (10th Cir. 2013) (citation omitted).

### B. Issues for judicial review.

Plaintiff argues "[t]he ALJ's analysis of Dr. Danaher's mental consultative exam was improper, which led to an improper analysis at step 2 thereby corrupting the remainder of the analysis." Doc. 16, at 3 (capitalizations altered).

## III. Analysis of the ALJ's decision.

### A. The ALJ's findings.

The ALJ summarized Dr. Robert Danaher's consultative exam:

The claimant also underwent a psychological consultative examination on March 28, 2018, with Robert Danaher, Psy.D. (Ex. B5FF and 9F). During the examination, the claimant was observed to be dressed casually with an appropriate amount of care given to his hygienic care. He was alert and oriented, with logical, goal directed, and fully intelligible speech. His affective expressions were congruent. He ambulated smoothly without apparent difficulty and did not evidence any functional communication deficits. The claimant was unable to complete the alternating trail making test. The claimant received 3/3 points in a clock drawing exercise. The claimant was able to identify 3/3 animals. The claimant received 1/3 points [sic] in an exercise counting backwards from 100 by 7's. The claimant was able to recall 2/5 words from memory. The claimant did not receive credit for sentence repetition testing or attentional abilities and vigilance. The claimant received 4/6 points for orientation. The claimant ultimately received a score of 16/30, suggesting a possible mild cognitive impairment. Dr. Danaher ultimately assessed the claimant with a neurocognitive disorder, secondary to a history of traumatic brain injury; and, major depressive disorder, single episode, moderate severity. He further indicated that the claimant

N/A
N/A

> was capable of managing his own funds, and that the claimant's ability to understand, remember, and carry out simple and complex instructions in a work related environment would be marginal.

AR 24.

The ALJ made the following findings as to Dr. Danaher's examination:

> Consideration has also been given to the consultative examination performed by Dr. Danaher (Ex. 5F and 9F). The findings and opinions of Dr. Danaher are neither consistent with nor supported by the longitudinal medical treatment record, the findings and opinions of the State agency mental health consultants, or the claimant's activities of daily living. Accordingly, the undersigned finds the consultative examination performed by Dr. Danaher to be unpersuasive, as it is neither consistent with nor supported by the longitudinal record as a whole.

*Id.* at 30.

**B.     Plaintiff's challenges to those findings.**

Plaintiff takes issue with the ALJ's "longitudinal record" reference, and challenges the "great weight" he maintains the ALJ gave to the state agency opinions. Doc. 16, at 5. The ALJ, however, did not give weight to any opinion, rather she determined the state agency opinions to be "largely consistent with and supported by the longitudinal medical treatment record." AR 29. She also found the initial state agency psychologist's findings to be largely consistent with the reconsidered findings, and Plaintiff's activities of daily living. *Id.* She found the initial-level findings "persuasive," but added the additional limitation regarding Plaintiff's ability to interact with others. *Id.*

To the extent Plaintiff argues the ALJ "undersold" Dr. Danaher's opinion and "downplay[ed]" medical evidence, Doc. 16, at 5, this Court "will not reweigh the evidence or substitute [its] judgment for the Commissioner's." *Garcia v. Comm'r, SSA,* No. 19-6107, 2020 WL 3443455, at *3 (10th Cir. June 24, 2020).

As to Plaintiff's complaint that the ALJ did not sufficiently "highlight" the inconsistencies with the medical record, Doc. 16, at 5, she did provide a thorough review of Plaintiff's medical treatment history. AR 19-23. As the Commissioner points out, she was not required to reiterate the same evidence again while evaluating Dr. Danaher's opinion. Doc. 20, at 9 (citing *Endriss v. Astrue*, 506 F. App'x 772, 777 (10th Cir. 2012)). And the ALJ considered medical evidence reflecting Plaintiff's negative depression screenings, normal mood, normal affect, and intact mental functioning. AR 20-23 (citing *id.* at 380, 395, 484, 495-97, 507-09, 553, 654, 666, 690, 707).

Finally, Plaintiff argues that the ALJ's recitation of Plaintiff's activities of daily living "equal an ability to work." Doc. 16, at 7. In so doing, the ALJ "played doctor and undersold the evidence," *id.*, which amounted to a conclusion that the Plaintiff was able to work. The ALJ considered Plaintiff's reported activities: sleeping, watching television; playing on his mobile phone; spending time with others; shopping; "running errands with his wife as often

7

as possible"; taking out the trash; assisting with laundry, providing for his personal hygiene and grooming, "with some remind[ers]"; requiring no assistive devices to lift, sit, bend, stand, reach, kneel, hear, see, climb stairs, or use his hands. AR 28. He reported daily depression, headaches three- to four-times a month, an inability to walk more than a block due to ankle weakness; an inability to feel three toes on one foot; and the possibility of a seizure caused by heat and sun exposure. *Id.* He testified his depression medication caused his symptoms of anger to worsen, and that he was still on that medication. *Id.* The Court will not reweigh the ALJ's consideration of this evidence.

Plaintiff argues the ALJ ignores probative evidence regarding his mental impairments. Doc. 16, at 10. Again, he relies on Dr. Danaher's opinion, which the ALJ discounted. *Id.* at 11. The state agency consultants considered Dr. Danaher's findings in making their conclusions. AR 73, 80, 94, 101. The ALJ agreed with the state agency consultant's reconsideration that Plaintiff needs greater nonexertional restrictions. *Id.* at 29, 102, 106 (noting the Plaintiff was markedly limited in his "ability to carry out detailed instructions"), 107 (noting the Plaintiff was markedly limited in "his ability to interact appropriately with the general public"). And the ALJ included such limitations in her restrictive RFC assessment. *Id.* at 19.

To the extent Plaintiff curtly challenges the ALJ's credibility finding, Doc. 16, at 11, the Court reminds him the SSA has "eliminat[ed] the use of the term 'credibility' from [its] sub-regulatory policy" and "clarif[ied] that subjective symptom evaluation is not an examination of an individual's character." SSR 16-3p, 2017 WL 5180304, at *2 (Oct. 25, 2017). Still, this evaluation remains "the province of the finder of fact." *See Arterberry v. Berryhill*, 743 F. App'x 227, 231 (10th Cir. 2018). The ALJ discounted Plaintiff's statements as to the intensity, persistence and limiting effects of his symptoms, noting they were inconsistent with the longitudinal medical treatment records, his activities of daily living, and the state agency consultants' opinions. AR 29. Substantial evidence supports the ALJ's consistency determination.

Based on the above, the Court affirms the Commissioner's decision.

**ENTERED** this 17th day of July, 2020.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE